```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                 Civil No. 14-863(DSD/JSM)
```

Della Virginia Hagen,

       Plaintiff,

v.                                        **ORDER**

Messerli & Kramer, P.A.,

       Defendant.

     Amanda Roberson, Prentiss E. Cox, University of Minnesota Law Center, 229 19th Avenue South, Suite 190, Minneapolis, MN 55455, counsel for plaintiff.

     Derrick N. Weber, Esq. and Messerli & Kramer, 3033 Campus Drive, Suite 250, Plymouth, MN 55441, counsel for defendant.

This matter is before the court upon the cross motions for summary judgment by plaintiff Della Virginia Hagen and defendant Messerli & Kramer, P.A. (M&K). Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants Hagen's motion and denies M&K's motion.

**BACKGROUND**

This debt-collection dispute arises out of communications made by M&K to Hagen regarding a consumer debt that Hagen incurred with Capital One Bank (USA), N.A. (Capital One). Hagen opened a credit account with Capital One on June 23, 1998. See Newman Decl. ¶ 4. She failed to make payments on the account, and on June 4, 2007, Capital One retained M&K to collect on the debt. Id. On behalf of

Capital One, M&K filed suit against Hagen in Hennepin County District Court. <u>Id.</u> Judgment was entered in favor of Capital One on December 28, 2007. <u>Id.</u>

At some point before July 11, 2013, M&K contacted Hagen to collect on the debt. Hagen Aff. ¶ 6. On July 11, 2013, Mike Persellin, an attorney for Mid-Minnesota Legal Aid, sent a letter to M&K on behalf of Hagen. <u>Id.</u> ¶ 7. The letter stated that "pursuant to the Fair Debt Collection Practices Act, Ms. Hagen wants no further <u>non-litigation contact</u> from you or any other debt collector to whom the above account may be assigned or sold." Newman Decl. Ex. A (emphasis added).

M&K continued to contact Hagen after receiving the letter. On October 3, 2013, M&K sent Hagen a letter offering her options for repaying the debt. <u>Id.</u> Ex. B. The letter stated that the "purpose in writing to you is to determine whether we can settle this account for LESS than the current unpaid balance." <u>Id.</u> M&K sent Hagen a nearly identical letter on January 27, 2014. <u>Id.</u> Ex. C. Both letters stated that they were "attempt[s] to collect a debt." <u>Id.</u> Exs. B, C. Hagen filed this action on March 28, 2014, alleging violations of the Fair Debt Collection Practices Act (FDCPA). The parties now cross-move for summary judgment.

2

**DISCUSSION**

**I.  Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. Id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. Id. at 255.  The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial.  Celotex, 477 U.S. at 324.  A party asserting that a genuine dispute exists - or cannot exist - about a material fact must cite "particular parts of materials in the record."  Fed R. Civ. P. 56(c)(1)(A).  If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial.  Celotex, 477 U.S. at 322-23.

3

**II.   15 U.S.C. § 1962c**

Congress enacted the FDCPA to protect consumers "in response to abusive, deceptive, and unfair debt collection practices." Schmitt v. FMA Alliance, Ltd., 398 F.3d 995, 997 (8th Cir. 2005). "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt."  15 U.S.C. § 1692c(c).

Hagen argues that the letters sent to her after July 11, 2013, were prohibited under § 1692c(c).  M&K responds that the letters complied with Hagen's conditional request to stop further "non-litigation contact."[1]  Specifically, M&K argues that Hagen's request was ambiguous and that its letters constituted non-litigation contacts because they were sent to enforce Capital One's rights as a judgment creditor.  The court disagrees.

Although the scope of what Hagen intended to prohibit is unclear, the court finds that no reasonable interpretation of her letter would allow M&K to continue sending her general debt collection letters.  See Barnes v. Seterus, Inc., No. 13-81021-CV,

---

[1] M&K also made at least five phone calls after July 11, 2013, in order to seek repayment of the debt.  Hagen Aff. ¶ 7; Answer ¶ 15.  Hagen has not, however, pointed to any material in the record showing that the calls were "non-litigation contacts."  As a result, the court does not consider the phone calls for summary judgment purposes.  See Fed R. Civ. P. 56(c)(1)(A).

2013 WL 6834720, at *2 (S.D. Fla. Dec. 26, 2013) (rejecting argument that consumer's request to "stop ASAP with harassing phone calls daily and on the weekends" allowed debt collector to continue making general contacts regarding her debt). Moreover, M&K's letters were not litigation-related simply because Capital One secured a judgment against Hagen. M&K notes that judgment creditors may pursue discovery and seek remedies following entry of judgment. See, e.g., Minn Stat. §§ 550.01, 571.71; Minn. R. Civ. P. 69.[2] The letters sent to Hagen, however, did not express an intent to pursue formal procedures or remedies. Rather, their purpose was to seek repayment without resorting to litigation.

M&K next argues that Hagen's letter was invalid because it was sent by an attorney rather than a consumer. "Consumer" is defined for purposes of § 1692c to include "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." 15 U.S.C. § 1692c(d). M&K argues that the omission of a consumer's attorney from this list indicates that

---

[2] M&K further notes that the effect of Hagen's request is to force debt collectors to resort to formal garnishment, levy, and post-judgment deposition proceedings. Indeed, that is the apparent purpose of § 1692c(c), which includes exceptions permitting further contact to provide notification to consumers that collection efforts are terminating or that certain remedies will be invoked. See 15 U.S.C. § 1692c(c)(1)-(3). M&K does not argue, and the court does not find, that the letters fit within these statutory exceptions.

only a consumer may make a valid cease request.[3] The court disagrees. The court is not aware of any authority invalidating a written request under § 1692c(c) because it was sent by an attorney. Without express language indicating otherwise, the court will not infer that § 1692c(c) prohibits Hagen from obtaining counsel to protect her rights under the FDCPA. As a result, no reasonable juror could conclude that the letters sent by M&K after July 11, 2013, were permissible under the FDCPA, and summary judgment is warranted in favor of Hagen.

**III. Damages, Costs, and Fees**

A debt collector who violates the FDCPA "is liable for any actual damages sustained by the plaintiff and 'additional damages as the court may allow, but not exceeding $1,000.'" Jenkins v. E. Asset Mgmt., LLC, No. 4:08-cv-1032, 2009 WL 2488029, at *3 (E.D. Mo. Aug. 12, 2009) (quoting 15 U.S.C. § 1692k(a)(1), (2)(A)). In determining the amount of statutory damages to award, the court considers "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to

---

[3] In support, M&K notes that courts have interpreted the term "consumer" under § 1692c(d) to exclude the consumer's attorney when discussing whether a violation of the FDCPA can be premised upon a debt collector's communications to the attorney. See Tinsley v. Fin. Partners, Inc., 634 F.3d 416, 419 (7th Cir. 2011); Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 934-35 (9th Cir. 2007); Zaborac v. Phillips & Cohen Assocs., Ltd., 330 F. Supp. 2d 962, 967 (N.D. Ill. 2004). These cases are inapposite, however, because they do not question whether an attorney may send a letter under § 1692c(c) to a debt collector on behalf of a consumer.

which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1)). The court must also award "the costs of the action, together with a reasonable attorney's fee as determined by the court." Id. § 1692k(a)(3).

Hagen requests $1,000 in statutory damages plus attorney's fees and costs. The court finds that this request is warranted. The letters sent by M&K disregarded the FDCPA's simple requirement that debt collectors stop communicating with consumers upon written request. Instead of complying with its obligations under the FDCPA, M&K interpreted Hagen's letter in a way that would render both it and § 1692c(c) a nullity. As a result, the court will order M&K to pay $1,000 in statutory damages plus costs and attorney's fees.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion for summary judgment [ECF No. 17] is denied;

2. Plaintiff's motion for summary judgment [ECF No. 26] is granted;

3. Plaintiff is awarded $1,000 in statutory damages; and

4.   Plaintiff is awarded costs and attorney's fees in an amount to be determined at a later date.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  January 13, 2015

s/David S. Doty
David S. Doty, Judge
United States District Court
