```
           UNITED STATES DISTRICT COURT
              DISTRICT OF MINNESOTA
            Civil No. 14-863(DSD/JSM)
```

Della Virginia Hagen,

       Plaintiff,

v.                                                  **ORDER**

Messerli & Kramer, P.A.,

       Defendant.

      Prentiss E. Cox, Esq., Jean M. Sanderson, Esq. and University of Minnesota Law Center, 229 19th Avenue South, Suite 190, Minneapolis, MN 55455, counsel for plaintiff.

      Derrick N. Weber, Esq. and Messerli & Kramer, 3033 Campus Drive, Suite 250, Plymouth, MN 55441, counsel for defendant.

This matter is before the court upon the motion for attorney's fees and nontaxable expenses by plaintiff Della Virginia Hagen. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion in part.

**BACKGROUND**

This debt-collection dispute arises out of communications made by defendant Messerli & Kramer, P.A. (M&K) to Hagen regarding a consumer debt. Hagen filed suit on March 28, 2014, alleging violations of the Fair Debt Collection Practices Act (FDCPA). In support of her claim, Hagen argued that M&K mailed her debt collection letters after receiving a written cease request under 15

U.S.C. § 1692c(c). The court granted summary judgment to Hagen on January 13, 2015, and awarded $1,000 in statutory damages under § 1692k(a)(2)(A). ECF No. 39. Thereafter, Hagen moved for $27,870 in attorney's fees and $110 in nontaxable expenses. ECF No. 41. On February 20, 2015, the clerk of court taxed $400 in favor of Hagen. ECF No. 49.

## DISCUSSION

A debt collector who fails to comply with the provisions of the FDCPA must pay, "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). M&K does not contest that Hagen was successful in this action. As a result, only the reasonableness of the requested fees and costs is at issue.

### I.   Attorney's Fees

Because of the court's extensive contact with the parties and familiarity with the issues, determination of the reasonable amount of attorney's fees is "peculiarly within the ... court's discretion." Greater Kan. City Laborers Pension Fund v. Thummel, 738 F.2d 926, 931 (8th Cir. 1984). "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." Hanig v. Lee, 415 F.3d 822, 825 (8th

Cir. 2005) (citation and internal quotation marks omitted). In assessing the reasonableness of fees, the court considers:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983). In calculating the reasonable number of hours expended, the court excludes hours that are "excessive, redundant, or otherwise unnecessary." Id. at 434.

Hagen's counsel requests reimbursement for 207.2 hours of work, at hourly rates ranging from $350 for Prentiss Cox, Professor at the University of Minnesota's Legal Clinic, to $100 for the four student attorneys assigned to the case. See Cox Aff. Ex. A; Moe Aff. Ex. A. M&K does not take issue with these rates, and the court finds that they are reasonable. See Ash v. Malacko, No. 14-590, 2014 WL 4384475, at *4 (D. Minn. Sept. 4, 2014) (affirming identical rates for legal clinic pursuing FDCPA action). M&K does argue, however, that the fee award should be reduced to $10,500 to account for time that is redundant, excessive, and unnecessary.

Although such a reduction overstates the amount of time spent on unnecessary tasks, the court finds that some of the requested fees are excessive.

M&K argues that it was unreasonable to spend 146 hours associated with briefing cross-motions for summary judgment. Hagen responds that it was forced to spend an unusual amount of time on its briefing because M&K raised novel legal theories and made accusations regarding a Legal Aid attorney that, although irrelevant, required response. Although responding to these arguments and accusations required additional effort, the court finds that a reduction is nonetheless warranted. In particular, the court notes that three student attorneys spent time briefing the motions. Hagen explains that this is typical, as the law clinic sequentially staffs student attorneys as a case progresses. Such diffusion of work, however, inevitably results in inefficiencies. As a result, the court finds that a 46-hour reduction of student attorney time, or $4,600, is warranted.

M&K also argues that it was unreasonable for three attorneys to attend the summary judgment hearing. The court understands the educational value of student attorneys participating in oral argument and encourages this practice in the future. The court is required, however, to exclude hours that would not ordinarily be billed to one's client. Hensley, 461 U.S. at 434. Although a complex matter may require three attorneys at oral argument, the

4

issues underlying this action did not compel such staffing. A 1.8 hour, or $180, reduction is warranted to account for an additional student's attendance at the hearing. See Moe Aff. Ex. A, at 1. After careful consideration of the Hensley factors, the court finds that the remainder of the fees are reasonable. As a result, the court awards $23,090 in attorney's fees.

## II.  Nontaxable Expenses

M&K also argues that Hagen cannot recover $110 associated with service of process and delivery of motion papers to the court. See Moe Aff. Ex. B.  These costs are not recoverable under 28 U.S.C. § 1920.  See Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006).  Although certain fee-shifting provisions expand the scope of recoverable costs and other expenses, § 1692k(a)(3) limits recovery to "the costs of the action" and "a reasonable attorney's fee."  See Gopher Oil Co. v. Union Oil Co. of Cal., 757 F. Supp. 998, 1013 (D. Minn. 1991) (allowing recovery of costs not included in § 1920 because the statutory provision at issue was "radically different").  As a result, the court excludes these expenses from the award.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The motion for attorney's fees and nontaxable expenses [ECF No. 41] is granted in part; and

5

    2.    Hagen is awarded $23,090 in attorney's fees.

Dated:  April 30, 2015

                                                        s/David S. Doty  
                                                         David S. Doty, Judge  
                                                         United States District Court